**Motion Denied; Appeal Dismissed and Memorandum Opinion filed July 3, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00434-CV

---

### JOE E. PRICE, Appellant

### V.

### ROBERT B. WALKER, ET. AL., Appellees

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-27248**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed January 22, 2014. Appellant filed an untimely motion for new trial on February 24, 2014. Appellant's notice of appeal was filed June 2, 2014.

The notice of appeal must be filed within 30 days after the judgment is signed when appellant has not filed a timely post-judgment motion. *See* Tex. R.

App. P. 26.1. When appellant has filed a timely post-judgment motion, the notice of appeal must be filed within 90 days after the date the judgment is signed. *See* Tex. R. App. P. 26.1(a).[1]

Appellant's notice of appeal was not filed timely. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the 15-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). Appellant's notice of appeal was not filed within the 15-day period provided by Rule 26.3.

On June 17, 2014, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). In response to the court's notice, appellant filed a motion to extend time to file the notice of appeal stating that he timely paid the filing fee, did not receive timely notice of the judgment, and his counsel experienced hospitalization and the death of an immediate family member during the time in which the notice of appeal was due.

"[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617. Therefore, we do not have discretion to grant appellant's motion.[2]

---

[1] The certificate of service on appellant's motion for new trial reflects that the motion was served timely on February 21, 2014. Even if we determine that appellant made a bona fide attempt to file a timely post-judgment motion, appellant's notice of appeal is untimely.

[2] Texas Rule of Civil Procedure 306a permits extension of the deadline to file notice of appeal if a party or his attorney did not receive actual notice of the judgment within 20 days after the judgment is signed. The record does not reflect that appellant sought relief under Rule 306a,

Accordingly, appellant's motion to extend time to file notice of appeal is denied, and the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.

---

or that appellant did not receive actual notice of the judgment.